UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROY SAVAGE, also known as TALUB MOHUWA, | |
| Petitioner, | Civil Action No. 16-9343 (JMV) |
| v. | |
| PATRICK NOGAN, *et al.*, | OPINION |
| Respondents. | |

**JOHN MICHAEL VAZQUEZ, U.S. District Judge**

This matter comes before the Court on Petitioner's submission, on December 15, 2016, of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his New Jersey state court conviction. (ECF No. 1.) Petitioner admits he filed the petition after expiration of the statute of limitations, as prescribed by 28 U.S.C. § 2244(d). (*Id.* at 22.) He asks the Court to apply the doctrine of equitable tolling to permit him to proceed with his petition, based on his mental illness, forced medication, and placement in the Special Needs Unit of Northern State Prison. (*Id.*)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must promptly examine the petition, and [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." For the reasons set forth below, the Court will dismiss the petition without prejudice because Petitioner has not asserted a sufficient basis to grant equitable tolling of the statute of limitations.

I. PROCEDURAL HISTORY

Petitioner was convicted of two counts of murder and one count of hindering apprehension in the New Jersey Superior Court, Law Division, Essex County on November 1, 1991. (ECF No. 1 at 1.) The Appellate Division denied his appeal on July 28, 1994, and the New Jersey Supreme Court denied certification on October 18, 1994. (*Id.* at 2.)

On May 13, 1997, Petitioner filed a petition for post-conviction relief. (*Id.* at 3.) The petition was denied on March 4, 2014. (*Id.*) The Appellate Division affirmed the PCR Court on June 21, 2016.[1] (*Id.* at 6.) The New Jersey Supreme Court denied certification on October 11, 2016. (*Id.* at 22.)

II. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

---

[1] The Appellate Division explained that Petitioner's 1997 petition for post-conviction relief was dismissed without prejudice upon Petitioner's request. *State v. Savage*, 2016 WL 3389917 (App. Div. June 21, 2016). Petitioner sought to reopen his PCR proceedings in May 2011, arguing his untimeliness was based on excusable neglect. *Id.* at *2. The PCR Court denied relief. *Id.* The Appellate Division agreed that the PCR petition was time-barred, and it also found Petitioner's claims were without merit. *Id.* at *3.

2

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After the petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000).

Only a properly filed application for State post-conviction review or other collateral review tolls the habeas statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). A properly filed application is one that was accepted for filing and was filed within the time limits prescribed. (*Id.*) Furthermore, the tolling provision does not reset the date from which the one-year limitation period begins to run. *Johnson v. Hendricks*, 314 F.3d 159, 161-62 (3d Cir. 2000) *cert. denied*, 531 U.S. 840 (2000).

    A.    CALCULATION

The New Jersey Supreme Court denied Petitioner's petition for certification on October 18, 1994. Petitioner then had ninety days, until January 17, 1995, to petition for writ of certiorari in the United States Supreme Court. Therefore, Petitioner's judgment of conviction became final on January 17, 1995, and the one-year statute of limitations period began to run. The statute of limitations expired on January 18, 1996, well before Petitioner filed his petition for post-conviction

relief on May 13, 1997.  Therefore, the PCR petition did not toll the statute of limitations because it had already expired.

        B.        EQUITABLE TOLLING

The one-year statute of limitations for a petition under 28 U.S.C. § 2254 is subject to equitable tolling.  *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)).  There are two elements a petitioner must establish for equitable tolling to apply:  (1) the petitioner pursued his rights diligently; and (2) some extraordinary circumstance stood in his way.  *Id.* at 798 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted)).  Equitable tolling is decided on a case-by-case basis, taking the circumstances of each prisoner into account.  *Id.* (citing *Pabon v. Mahoney*, 654 F.3d 385, 399 (3d Cir. 2011); *Holland*, 560 U.S. at 649-50 (quotation omitted)).

The diligence required of a prisoner in pursuing the timely filing of his habeas petition is "reasonable diligence" not maximum diligence.  *Id.* at 799 (citing *Holland*, 560 U.S. at 653).  The reasonable diligence test is subjective, taken in light of the petitioner's circumstances.  *Id.* at 800 (citations omitted).  "[L]ack of legal knowledge or legal training does not alone justify equitable tolling."  *Id.* (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003)).

Courts also measure the extraordinary circumstances subjectively, by asking how severe of an obstacle the circumstances created for the petitioner to comply with the statute of limitations. *Id.* at 803 (citing *Pabon*, 654 F.3d at 400).  For equitable tolling, extraordinary circumstances must have directly prevented timely pursuit of state court remedies and filing a statutorily timely habeas petition.  *Id.* at 804.  "[M]ental incompetence is not *per se* a reason to toll the statute of limitations in federal actions."  *Lake v. Arnold*, 232 F.3d 360, 371 (3d Cir. 2000) (citing *Barren v. United States*, 839 F.2d 987 (3d Cir. 1988)).  A petitioner must establish that his mental incompetence

affected his ability to timely file a habeas petition. *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001) *overruled in part on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002)).

### III. DISCUSSION

Petitioner asserts he suffers from a severe mental illness of paranoid schizophrenia, and he relied completely on the Public Defender's Office or inmate paralegal assistance for his appeals. (ECF No. 1 at 13, 22.) Petitioner states that when his petition for certification was denied by the New Jersey Supreme Court, he was undergoing forced medication and was housed on the Special Needs Unit of New Jersey State Prison. (*Id.*) Petitioner alleges:

> However, at this time period for the timely filing of petitioner's PCR petition there was a pervasive denial and/or interference with the right of access to the courts specifically for this class of prisoners, which has been documented and litigated in the Civil Complaint of Inmates Legal Association, Inc. et al. v. Michelle Ricci, et al., Civil Action No. 10-1041 (MLC). This complaint concerned the constructive denial of prisoner's right of access to the court[s], more specifically, prisoners with mental health issues housed on the Special Needs Unit where petitioner [was] housed. As such, petitioner's mental health issues and the denial of and/or interference with legal assistance by the Inmates Legal Association, Inc. served as two distinct and critical impediments to the timely filing of petitioner's PCR petition, which would have made his § 2254 [p]etition timely but for these impediments.

(*Id.*)

Petitioner has not alleged sufficient facts in support of his equitable tolling claim. First, he has not described the symptoms he suffered and how those symptoms prevented him from filing a habeas petition between January 1995 and January 1996. It would be helpful for Petitioner to submit his medical records for that time period.

Second, rather than describing how he was personally affected by being housed in the Special Needs Unit of Northern State Prison, Petitioner referred the Court to another civil action. The test for equitable tolling requires the Court to review the petitioner's particular circumstances

5

to determine whether those circumstances directly prevented him from timely filing his petition. Thus, it is insufficient for Petitioner to direct the Court to another civil action that generally describes the conditions of confinement. Petitioner must explain his personal experiences in the relevant time period.

## IV.   CONCLUSON

For the reasons discussed above, the Court dismisses without prejudice Petitioner's § 2254 petition because it is barred by the statute of limitations in 28 U.S.C. § 2244(d). Petitioner will be given an opportunity to reopen this case to submit additional materials in support of his equitable tolling argument.


Dated: February 7, 2017
At Newark, New Jersey

> s/ John Michael Vazquez
> JOHN MICHAEL VAZQUEZ
> United States District Judge