# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ROY SAVAGE also known as
TALUB MOHUWA,

           Petitioner,

           v.

PATRICK NOGAN, *et al.*,

           Respondents.

Civil Action No. 16-9343 (JMV)

**OPINION**

**VAZQUEZ, District Judge:**

## I.    INTRODUCTION

This matter comes before the Court on *pro se* Petitioner Roy Savage a/k/a Talub Mohuwa's ("Savage's") certification/answer (at DE 8) by which Savage requests that the Court equitably toll his otherwise untimely habeas petition seeking relief pursuant to 28 U.S.C. § 2254 (at DE 1). For the reasons set forth below, Savage's certification fails to demonstrate that equitable tolling is appropriate for his case. The Court will therefore dismiss his petition with prejudice and decline to issue a certificate of appealability.

## II.    BACKGROUND & RELEVANT LEGAL STANDARD

Savage "was convicted by a jury in [New Jersey state court in] 1991 . . . for the murders of two women. He was sentenced on November 21, 1991 . . . to two consecutive life sentences[.]" *State v. Savage*, No. A-4333-13T2, 2016 WL 3389917, at *1 (N.J. Super. Ct. App. Div. June 21, 2016). Notably, Savage "filed a *pro se* brief in support of his direct appeal in July 1994." *Id.* The New Jersey Superior Court, Appellate Division, affirmed Savage's convictions and sentences on direct appeal shortly thereafter, on July 28, 1994. *See id.* (citing *State v. Savage*, No. A–2282-91

(N.J. Super. Ct. App. Div. July 28, 1994)). The New Jersey Supreme Court then denied certification on October 19, 1994. *State v. Savage*, 649 A.2d 1290 (N.J. 1994) (table).

Nearly three years later, on or about May 13, 1997, Savage filed a *pro se* petition for post-conviction relief ("PCR") in the New Jersey Superior Court, Law Division (the "PCR court"). *Savage*, 2016 WL 3389917, at *1. "That petition was dismissed without prejudice [on an unspecified date] following [Savage's] request for a voluntary dismissal; the reasons for the withdrawal [are unclear]." *Id.* (alterations in original omitted). Savage filed a second PCR application on May 23, 2011. *Id.* The PCR court denied Savage's second PCR application on March 4, 2014. *Id.* The Appellate Division affirmed on June 21, 2016. *Id.* In so doing, that court, among other things, agreed that Savage's 2011 PCR petition was time-barred under New Jersey Court Rule 3:22-12 because it was filed five years after the entry of Savage's judgment of conviction and Savage failed to establish excusable neglect that could excuse that untimeliness. The Appellate Division noted the following in support of that finding:

> [Savage's] mental illness, as alleged generally in his moving papers, and his treatment while in custody, including forced medication, do not equate to excusable neglect. As our Supreme Court said in *State v. D.D.M.*, 140 N.J. 83, 100 (1995), a defendant must allege "specific facts . . . to show that his psychological treatment would have prevented him from pursuing his rights and remedies . . . within the five years[.]" [Savage] has not done so here.
>
> In fact, as the [PCR court] noted in [its] decision, [Savage], despite his mental health, was able to file a *pro se* brief in July 1994 in support of his direct appeal. That filing was well within the five-year period after sentence. [Savage] asserted, according to the [PCR court], that he was unaware of the existence of PCR until 1995, yet that left unexplained the delay between the dismissal of the 1997 petition and this filing in 2011.
>
> Additionally, [Savage] obtained Veteran's Administration benefits in 2009, a process uniquely challenging for a prisoner who has to marshal records and correspond with Veteran's Administration personnel under the difficult circumstances. [Savage's] ability to

> make himself heard by the courts and an administrative agency, even while in custody, belies his claim that his mental health status constitutes excusable neglect.

*Savage*, 2016 WL 3389917, at *2.

On October 14, 2016, the New Jersey Supreme Court denied certification on Savage's PCR appeal. *State v. Savage*, 154 A.3d 674 (N.J. 2016) (table). Thereafter, on or about December 6, 2016, Savage filed the present § 2254 petition. (*See* DE 1 at 17.) On February 7, 2017, the Court, after noting that his petition failed to "assert[] a sufficient basis to grant equitable tolling[,]" dismissed Savage's habeas pleading without prejudice as "barred by the statute of limitations in 28 U.S.C. § 2244(d)." (DE 2 at 1, 6.) As the Court then explained:

> 28 U.S.C. § 2244(d) provides:
>
>> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>>
>>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>>
>>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>>
>>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>>
>>> (D) the date on which the factual predicate of the claim or claims presented could have

3

> been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After the petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000).

Only a properly filed application for State post-conviction review or other collateral review tolls the habeas statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). A properly filed application is one that was accepted for filing and was filed within the time limits prescribed. *Id.* Furthermore, the tolling provision does not reset the date from which the one-year limitation period begins to run. *Johnson v. Hendricks*, 314 F.3d 159, 161-62 (3d Cir. 2000), *cert. denied*, 531 U.S. 840 (2000).

. . . .

[Here, t]he New Jersey Supreme Court denied [Savage's] petition for certification on October [19], 1994. [Savage] then had ninety days, until January [18], 1995, to petition for writ of certiorari in the United States Supreme Court. Therefore, [Savage's] judgment of conviction became final on January [18],[1] 1995 . . . . The statute of limitations [set forth in 28 U.S.C. § 2244(d)(1)(A)] expired . . . before [Savage] filed his petition for post-conviction relief on May 13, 1997. Therefore, the PCR petition did not toll the statute of limitations because it had already expired.

(DE 2 at 2-4.)

---

[1] The Court's February 7, 2017 opinion indicated, based on the information in Savage's habeas petition (*see* DE 1 at 22) – that the New Jersey Supreme Court denied certification on Savage's direct appeal on October 18, 1994. (*See* DE 2 at 3-4.) The decision denying certification, however, was actually issued one day later, on October 19, 1994. *Savage*, 649 A.2d 1290. Savage's judgment of conviction therefore became final on January 18, 1995, and not – as the Court's February 7th opinion indicates – January 17, 1995. (*See id.*) Ultimately, this one-day difference is immaterial to the Court's dismissal of Savage's habeas case as time-barred.

The Court's February 7, 2017 opinion also noted that although Savage conceded that his December 6, 2016 habeas petition was untimely under 28 U.S.C. § 2244(d), he nonetheless claimed that it was subject to equitable tolling ("E.T.") because Savage: (1) suffers from a severe mental illness of paranoid schizophrenia; (2) relied completely on third-party assistance for his appeals; and (3) was undergoing forced medication and was housed in an isolated Special Needs Unit ("SNU") in state prison when the New Jersey Supreme Court denied certification on his direct appeal in 1994. (*See* DE 2 at 5; *see also* DE 1.) The Court summarized the standard governing Savage's E.T. claim as follows:

> The one-year statute of limitations for a petition under 28 U.S.C. § 2254 is subject to equitable tolling. *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). There are two elements a petitioner must establish for equitable tolling to apply: (1) the petitioner pursued his rights diligently; and (2) some extraordinary circumstance stood in his way. *Id.* at 798 (citing *Pace*[, 544 U.S. at 418] (citation omitted)). Equitable tolling is decided on a case-by-case basis, taking the circumstances of each prisoner into account. *Id.* (citing *Pabon v. Mahoney*, 654 F.3d 385, 399 (3d Cir. 2011); *Holland*, 560 U.S. at 649-50 (quotation omitted)).
>
> The diligence required of a prisoner in pursuing the timely filing of his habeas petition is "reasonable diligence" not maximum diligence. *Id.* at 799 (citing *Holland*, 560 U.S. at 653). The reasonable diligence test is subjective, taken in light of the petitioner's circumstances. *Id.* at 800 (citations omitted). "[L]ack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003)).
>
> Courts also measure the extraordinary circumstances subjectively, by asking how severe of an obstacle the circumstances created for the petitioner to comply with the statute of limitations. *Id.* at 803 (citing *Pabon*, 654 F.3d at 400). For equitable tolling, extraordinary circumstances must have directly prevented timely pursuit of state court remedies and filing a statutorily timely habeas petition. *Id.* at 804. "[M]ental incompetence is not *per se* a reason to toll the statute of limitations in federal actions." *Lake v. Arnold*, 232 F.3d 360, 371 (3d Cir. 2000) (citing *Barren v. United States*, 839 F.2d 987 (3d Cir.

1988)). A petitioner must establish that his mental incompetence affected his ability to timely file a habeas petition. *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), *overruled in part on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002)).

(DE 2 at 4-5.)

Ultimately, the Court, on February 7, 2017, concluded that "[Savage's § 2254 petition failed to] allege[] sufficient facts in support of his equitable tolling claim. First, he [did] not describe[] the symptoms he suffered and how those symptoms prevented him from filing a habeas petition between January 1995 and January 1996." (*Id.* at 5.) "Second, [Savage failed to] describe[e] how he was personally affected by being housed in the [SNU because he instead] referred the Court to another civil action [*Inmates Legal Association, Inc. v. Ricci*, Civil Action No. 10-1041 (MLC), which generally described the conditions of confinement during the relevant period]." (*Id.* at 5-6.). The Court therefore, at that time, dismissed Savage's § 2254 petition without prejudice and gave Savage "an opportunity to reopen this case to submit additional materials in support of his equitable tolling argument." (*Id.* at 6.)

Savage's present certification requesting equitable tolling followed on November 9, 2017. (DE 8.) That filing advances essentially the same E.T. arguments that the Court previously found unpersuasive. Savage, by way of that certification, indicates that "[a]s best [as he] can recall, at the time of the appeal process of [his] case [he] was housed on the [SNU and therefore] could not leave the unit to go to the law library." (*Id.* at ¶ 7.) Savage again fails to provide any specific dates that he was housed in SNU; he notes only that he "really cannot recall much of when [he] was on this unit because [he] was heavily medicated and not fully cognizant[.]" (*Id.* at ¶ 10.) Savage likewise fails to detail the exact medication(s) he was on during this otherwise unspecified period. While he also "cannot speak to the effects of [those unspecified medication(s),]" he reiterates that he "was mentally incapacitated and unable to file [his] appeals without the assistance

6

of an inmate paralegal." (*Id.* at ¶ 11.) In that respect, and assuming that the period between 1994 and 1997 is included in this unspecified period that Savage remained in SNU, that assertion is belied by the Appellate Division's 2016 opinion, which expressly noted that Savage filed an appeal brief *pro se* in 1994 and a *pro se* PCR brief in 1997. *Savage*, 2016 WL 3389917, at *1. Savage, perhaps attempting to preempt the Court from finding that the foregoing information fails to provide a basis to equitably toll his petition, reiterates that he has been unable to obtain the medical records he needs "to fully advance his claim for equitable tolling."[2] (*Id.* at ¶ 16.)

## III. ANALYSIS

As noted, Savage's conviction became final on or about January 18, 1995. His conviction therefore became final before the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") went into effect on April 24, 1996. Savage accordingly had until April 23, 1997 to file a timely § 2254 petition. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998) (establishing one-year "grace period"); *Kiett v. Bonds*, No. 17-2543, 2019 WL 2183859, at *3 (D.N.J. May 21, 2019) (noting that another petitioner whose conviction became final pre-AEDPA had until April 23, 1997 to file a timely § 2254 petition). Moreover, Savage's filing of his first PCR petition on May 13, 1997 "did not toll [AEDPA's] statute of limitations because it had already expired." (DE 2 at 4.) Savage, however, did not file his § 2254 petition until December 6, 2016. Thus, even after giving Savage the benefit of the AEDPA grace period, his petition is still over nineteen years late and must be dismissed unless some form of tolling applies. *See Kiett*, 2019 WL 2183859, at *3.

---

[2] The Court emphasizes that Savage's inability to produce his medical documents is not fatal to his equitable tolling claim. (*See* Oct. 18, 2017 Order, DE 7 at 2 ("The court does not require [Savage's] medical records at this time. If [Savage's E.T.] argument is based on his medical and/or mental health, he should describe his condition during the relevant time, to the best of his knowledge, in a writing submitted to the Court.").)

7

Again, Savage concedes – and the record demonstrates – that his § 2254 petition is untimely under 28 U.S.C. § 2244(d). Statutory tolling is therefore inapplicable, and Savage's petition will accordingly be time-barred unless equitable tolling applies. Application of E.T. is highly fact-specific, and courts are cautioned to "be sparing in their use of" it to save otherwise untimely habeas petitions. *Pabon*, 654 F.3d at 399 (quoting *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir.1999)). Ultimately, Savage, as the "litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. In analyzing whether the circumstances faced by Savage were extraordinary, "'the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, . . . but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Ross*, 712 F.3d at 802-03 (quoting *Pabon*, 654 F.3d at 400).

Savage's November 9, 2017 certification, in essence, asserts that his mental illness – and the unspecified medications which he took to address that condition – and his placement in restricted housing in SNU for an unspecified period of time demonstrate that E.T. should be applied to his § 2254 petition. (*See*, *generally*, DE 8.) The Court disagrees. Again, "[m]ental incompetence is not a *per se* reason to toll the statute of limitations, but [equitable] tolling may be appropriate if there is evidence that an individual's mental status prevented him from asserting his rights." *United States v. Johnson*, 734 F. App'x 153, 159 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 471 (2018) (citing *Nara*, 264 F.3d at 320)). "For tolling to be appropriate, 'the alleged mental incompetence must somehow have affected the petitioner's ability to file' a timely action." *Champney v. Sec'y Pennsylvania Dep't of Corr.*, 469 F. App'x 113, 117 (3d Cir. 2012) (citing *Nara*, 264 F.3d at 320; *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010)). The burden is

on Savage to give a particularized description of his mental condition's adverse effect upon his capacity to function generally or to pursue his rights specifically. *See Bolarinwa*, 593 F.2d at 232.

Here, Savage has "not put forth any particular evidence to show that his mental illness prevented him from asserting his rights." *United States v. Johnson*, 734 F. App'x at 159. "Similarly, although [Savage] also relies on his stays in restricted housing [in SNU] to support his equitable tolling claim, he did not put forth any evidence of the amount of time he spent in restricted housing or the impact that it had on his ability to communicate with counsel or the courts." *Id.*; *accord Kiett*, 2019 WL 2183859, at *4 (concluding that "equitable tolling [was] not warranted based on Petitioner's alleged mental disability [where t]he sole evidence provided . . . [was] language quoted from the New Jersey Supreme Court's decision finding that he had a right to withdraw his guilty plea based on the misunderstanding that he was eligible for the death penalty."); *Johnson v. Hastings*, No. 13-305, 2014 WL 5159969, at *8 (D.N.J. Oct. 10, 2014) (declining to apply E.T. where petitioner "[did] not state what his mental condition [was], or describe how it adversely affected his capacity to function or pursue his rights[,]"and where he undisputedly "filed *pro se* briefs on his own behalf during the PCR proceedings [and] successfully moved *pro se* for a limited remand."). Stated somewhat differently, Savage has "failed to establish that he was prevented from managing his affairs or understanding his appeal rights [as a result of his mental illness and confinement in SNU]." *United States v. Johnson*, 734 F. App'x at 159. Furthermore, even if Savage "had established that he faced extraordinary circumstances" – and he has not – "[he] has [also] failed to show that he acted with reasonable diligence in light of those circumstances." *Id.*

In sum, Savage's November 9, 2017 certification fails to establish "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."

*Pace*, 544 U.S. at 418. That filing accordingly fails to present a basis for the Court to equitably toll his otherwise untimely § 2254 petition. Savage's present habeas action will accordingly be dismissed with prejudice as time-barred.

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When [a] district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court denies Savage a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

## IV. CONCLUSION

For the reasons discussed above, the Court dismisses Savage's § 2254 petition with prejudice. No certificate of appealability shall issue. An appropriate order follows.


Dated: August 22, 2019
At Newark, New Jersey

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge
